UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH R. MITCHELL

AND

CHARLENE M. GIANTOMMASO,
on behalf of themselves
and all others similarly situated,

                                        Plaintiffs,

                    v.

GLOBE NEWSPAPER COMPANY, INC.

                                        Defendant.

Civil Action No.:

**NOTICE OF REMOVAL**

(Superior Court Department of the Trial
Court, Suffolk County, Commonwealth
of Massachusetts, Civil Action No.
2008-5285)

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant

the Globe Newspaper Company, Inc. ("the Globe"), by its undersigned counsel, respectfully

notices removal of this action from the Superior Court Department of the Trial Court, Suffolk

County, Massachusetts, to the United States District Court for the District of Massachusetts, by

filing of this Notice of Removal with the Clerk of the United States District Court for the District

of Massachusetts.

        The Globe, by and through its undersigned attorneys, respectfully states the following

grounds as the basis for removal of this action:

        1.        On or about November 28, 2008, Plaintiffs Kenneth R. Mitchell and Charlene M.

Giantommaso filed an action in the Superior Court Department of the Trial Court, Suffolk

County, Massachusetts, entitled *Kenneth R. Mitchell and Charlene M. Giantommaso v. Globe*

*Newspaper Company*, purportedly on behalf of themselves and all other similarly situated, which was assigned Civil Action No. 2008-5285 (the "State Court Action").

2.      On or about December 1, 2008, counsel for Defendants agreed to accept the Complaint and Summons filed in the State Court Action on behalf of Defendants.  (A copy of the Summons and Complaint, including exhibits, is annexed hereto as "Exhibit 1").  Other than the above agreement to accept service, no other process, pleadings or orders have been received by or served on the Globe in the State Court Action.

3.      This Notice of Removal is being filed within 30 days after counsel for Defendants received a copy of the Summons and Complaint in the State Court Action, and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      This action is removable pursuant to 28 U.S.C. § 1441(a) and (b).  It is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

### Federal Question

5.      In Paragraphs 32-44 of the Complaint, Plaintiffs invoke the Massachusetts Payment of Wages Statute, M.G.L. ch 149, §148 as a basis for the State Court Action, alleging a breach of the collective bargaining agreement between the Globe and Boston Mailers Union Local 1 ("the Union"), to which Plaintiffs belong.

6.      The Complaint in the State Court Action requires interpretation of the collective bargaining agreement between the Globe and the Union, thus bringing the Complaint under the

auspices of §301 of the Labor-Management Relations Act (the "LMRA").  The complete

preemption corollary to the well-pleaded complaint rule applies to claims preempted by § 301 of

the LMRA; as such, Plaintiffs' State Court Action is an action arising under the Constitution,

laws, or treaties of the United States, and may be removed to this Court pursuant to the

provisions of 28 U.S.C. §§ 1441(a) and (b) and 1446.  See Caterpillar, Inc. v. Williams, 482 U.S.

386 (1987).


      7.      Upon the filing of this Notice of Removal, the Globe will give written notice

thereof to Stephen R. Domesick, 7599 Seashell Crest Ln., Lake Worth, FL 33467, attorney for

the Plaintiffs.  The Globe will also file copies of this Notice with the Clerk, Superior Court

Department of the Trial Court, Suffolk County, Massachusetts.  Accompanying this Notice of

Removal is a Civil Action Cover Sheet, a Filing Category Form, and a check in the amount of

$350.00 for the required filing fee.


      WHEREFORE, Defendant the Globe Newspaper Company, Inc. respectfully prays that

this action proceed in this Court as a matter properly removed thereto.

Dated: December 31, 2008
        Boston, Massachusetts

                                        Respectfully submitted,
                                        GLOBE NEWSPAPER COMPANY, INC.
                                        DEFENDANT

                                        By its attorneys,


                                         /s/ Eben A. Krim_____
                                        Mark W. Batten (BBO No. 566211)
                                        Eben A. Krim (BBO No. 652506)
                                        PROSKAUER ROSE LLP
                                        One International Place, 22nd Floor
                                        Boston, MA 02110-2600
                                        Tel:  (617) 526-9600
                                        Fax: (617) 526-9899


TO:     ATTORNEY FOR PLAINTIFF
        Stephen R. Domesick
        7599 Seashell Crest Ln.
        Lake Worth, FL 33467
        Tel: (561) 439-8515




## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the below
listed counsel of record, by first-class mail, postage paid, on December 31, 2008.

                        Stephen R. Domesick
                        7599 Seashell Crest Ln.
                        Lake Worth, FL 33467
                        Tel: (561) 439-8515


                          /s/ Eben A. Krim_____
                            Eben A. Krim

EXHIBIT 1

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 08-5285

Kenneth R. Mitchell, et al _____ , Plaintiff(s)

v.

Globe newspaper Company _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Stephen R. Domesick, Esq.,

plaintiff's attorney, whose address is 7599 Seashell Crest Ln, Lake Worth, FL 33467 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the first _____ day of December, _____ , in the year of our Lord two thousand and eight .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, s.s.**                                    **SUPERIOR COURT DEPARTMENT**

| | |
|---|---|
| **KENNETH R. MITCHELL**<br><br>**AND**<br><br>**CHARLENE M. GIANTOMMASO,**<br>on behalf of themselves and all others<br>similarly situated,<br>　　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**GLOBE NEWSPAPER COMPANY,**<br><br>　　　　　　**Defendant.** | **Case No.** |

## COMPLAINT FOR VIOLATION OF THE MASSACHUSETTS WAGE ACT

In this suit against Defendant Globe Newspaper Company Plaintiffs, through their counsel, allege the following for themselves and for others similarly situated upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel which are based upon personal knowledge:

### NATURE OF THE ACTION

1.　　This is a private lawsuit against Globe Newspaper Company ("Globe" and/or "Defendant") for unpaid vacation pay earned in 2007 and payable in 2008. Under the Massachusetts Wage Act, G.L. ch. 149, § 148, "The word "wages" shall include any holiday or vacation payments due an employee under an oral or written agreement."

2.　　This civil suit has been authorized by the Attorney General on September 15, 2008 pursuant to G.L. ch. 149, § 150 as a result of the Globe's failure to pay certain of its employees, known as "Priority Trainees", "Globe Retirees" and "Herald Subs"and now placed in Group A-2, their proper earned vacation pay, an amount determined under the

collective bargaining agreement between the Globe and Boston Mailers Union Local 1 ("Mailers" and/or "Union").

3.     Under the Mailers collective bargaining agreements with the Globe, Priority Trainees, Globe Retirees and Herald Subs earn vacation with pay based on a "**shifts worked**" formula—one day of vacation pay for every 25 shifts (or major fraction thereof) worked in a calendar year.  The vacation with pay earned in one year is payable by the Globe in the following year.

4.     The contract pay rate in effect for Priority Trainees and Herald Subs between March 1, 2007 and July 7, 2007 was $223.48 for each shift worked.

5.     The pay rate for each  Globe Retiree for the period March 1, 2007 to July 7, 2007 was the shift rate in effect on the date of the employee's retirement from the Globe (the "Pre-Retirement Rate").

6.     The Globe paid each Priority Trainee and Herald Sub at the shift rate of $223.48 for each shift worked between March 1, 2007 and July 7, 2007, a total of 128 calendar days.

7.     The Globe paid each Globe Retiree at the shift rate that was in effect on the date of the employee's retirement from the Globe.

8.     The Globe and the Union amended the terms of the collective bargaining agreement so that a Priority Trainee, a Globe Retiree and a Herald Sub were all paid at the same reduced rate of  $156.38 for each shift worked on and after July 7, 2007.

9.     For the first time in the parties' history, the Globe and the Mailers Union decreased the shift rates of pay for Priority Trainees, Globe Retirees and Herald Subs, employees all placed into Group A-2 effective July 7, 2007.

10.    The new, lower pay rate of $156.38 only became effective "**upon signing and ratification of the contract…**" and was first paid for shifts worked by Priority Trainees, Globe Retirees and Herald Subs on July 7, 2007.

2

11.     The Globe used the lower $156.38 rate, a rate effective only on and after July 7, 2007, to calculate and pay the earned vacation pay of Priority Trainees and Herald Subs for each shift worked between March 1, 2007 and July 7, 2007, in place of using the $223.48 rate that had remained in effect and had been used to pay for all shifts worked by the Plaintiffs and Class before July 7, 2007.

12.     As the 1:25 earned vacation formula remained unchanged, every Priority Trainee, Globe Retiree and Herald Sub who earned one or more vacation days as a result of working during the 128 days preceding July 7, 2007, was underpaid for earned vacation in 2008 because the Globe used the rate of $156.88 per shift and not $223.48 shift rate to calculate the vacation pay for the shifts worked during that period in 2007.

13.     Based on the Globe's systematic mispayment, a Priority Trainee, Globe Retiree or Herald Sub entitled to 5 paid vacation days for work during the 128 days ending preceding July 7, 2007 (128 ÷ **25)** was paid $766.90 (5 days **x** $153.38) as earned vacation pay, although entitled to be paid $1117.40 (5 days **x** $223.48), a total difference of $350.50 or $67.10 for each earned vacation day.

14.     On or about March 25, 2008, the Globe paid each Priority Trainee, Globe Retiree and Herald Sub a day's vacation pay for every 25 shifts (or major fraction) worked between March 1, 2007 to July 7, 2007 based on the lower rate of pay that was not in effect until after the requisite shifts were worked.

15.     Each Priority Trainee, Globe Retiree and Herald Sub employee is entitled to treble damages, costs and attorney's fees under G.L. c. 149 § 150, as described more particularly below.

### JURISDICTION AND VENUE

16.     Venue is proper in Suffolk County under G.L. ch. 233, § 8.  The Globe is headquartered within Suffolk County and transacts millions of dollars of business in Massachusetts

3

and operates a large printing plant in Boston. Consequently, the Globe is within the jurisdiction of this Court.

17.     The total amount in controversy of the named Plaintiffs' claims and the members of the Class (as defined below) is less than Seventy-Five Thousand Dollars ($75,000). In addition, as master of their Complaint, Plaintiffs assert no claims arising from federal law. Rather, Plaintiffs bring their cause of action based solely on, and arising from, the Massachusetts Wage Payment Act.  The claims of the Plaintiffs and the Class members are individual claims for violations of Massachusetts law as described herein that arise from the Globe's systematic wage payment abuse against its Priority Trainee employees.

## THE PARTIES

18.     Employees who work in the Globe's Mailrooms are responsible in general for operations related to the insertion of advertisements and related materials into the newspaper.  The employees, including Priority Trainees, Globe Retirees and Herald Subs, are represented by the Boston Mailers' Union No. 1 under a collective bargaining agreement with the Globe.

19.     Plaintiff Kenneth R. Mitchell is a Massachusetts resident who has worked as a Herald Sub in the Globe's Mailroom in Boston.  During Plaintiff's employment, Plaintiff rendered labor services for which he was not properly paid earned vacation pay.

20.      Plaintiff Charlene M. Giantommaso is a Massachusetts resident who has worked as a Priority Trainee in the Globe's Mailroom in Boston. During Plaintiff's employment, Plaintiff rendered labor services for which he was not properly paid earned vacation pay.

21.     The Globe is a Massachusetts corporation engaged in the production and distribution of the daily newspaper THE BOSTON GLOBE, and maintains its offices at 135 Morrissey Boulevard, Boston, Massachusetts 02107.

22.     The acts charged in this Complaint as having been done by Defendant were done by itself or were authorized, ordered, or done by its officers, agents, employees, or

representatives, while actively engaged in the management of the Defendant's businesses or affairs.

## CLASS ACTION ALLEGATIONS

23.    Plaintiffs bring this suit as a class action pursuant to Mass. R.Civ. P. Rule 23, on behalf of a Class consisting of:

> **All current and former Priority Trainees, Globe Retirees and Herald Subs, classifications of employees now termed Group A-2 employees, employed by the Globe Newspaper Company in its Mailrooms in Massachusetts during some or all of the period March 1, 2007 to July 7, 2007 and whose employment was subject to the collective bargaining agreement between the Globe and Boston Mailers Union Local 1.**

24.    Plaintiffs believe there are eighty or more present and formerly employed Priority Trainees, Globe Retirees and Herald Sub who were paid for shift work at the Globe in the Class during the period March 1, 2007 to July 7, 2007.  Given Defendant's size in terms of revenue generated in the State of Massachusetts and the existence of two geographically separate facilities operated in Boston and in Billerica, and the systematic nature of Defendant's failure to comply with Massachusetts Wage Payment Act, the members of the Class are so numerous that joinder of all members is impracticable.

25.    Plaintiffs' claims are typical of the claims of the members of the Class because they are or were employees who, like the members of the Class, earned vacation pay based upon the same 1:25 shifts worked formula and sustained damages arising out of the Defendant's corporate policies which caused them to be not be paid for earned vacation pay at the rate of pay in effect when the shifts were worked.

26.    Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have no conflict with any members of the Class and are capable and willing to serve in their representative role. Plaintiffs have retained counsel competent and experienced in Wage Payment litigation.

27.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

   a.      whether the shift rate of $233.48, the rate in effect when Plaintiff-Priority Trainees and Herald Sub and the Class performed work for the Globe in its mailrooms between March 1, 2007 and July 7, 2007, the "Earnings Period", is the shift rate at which the Globe is required to pay these workers their vacation pay in 2008;

   b.      whether the shift rate in effect when each Globe Retiree and the Class retired and thereafter performed work for the Globe in its mailrooms between March 1, 2007 and July 7, 2007, the "Earnings Period", is the shift rate at which the Globe is required to pay these workers their vacation pay in 2008;

   c.      whether the Globe failed to properly compensate Plaintiffs and the Class in connection with the calculation of their earned vacation pay compensation in 2008 for shifts worked during the period March 1, 2007 and July 7, 2007;

   d.      whether Defendant violated G. L. ch. 149, secs. 148 and/or 150;  and

   e.      the nature and extent of Class-wide injury and the measure of damages for the injury.

28.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment permits the similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The identity of the Class is readily identifiable from the Defendant's records.

29.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

31.     Without a class action Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

### FIRST CAUSE OF ACTION

### (Failure to Pay Wages as Required by G.L. ch. 149, § 148)

32.     Plaintiffs re-allege and incorporate by reference each allegation set forth in the preceding paragraphs.

33.     The Class Period for this cause of action is March 1, 2007 to July 7, 2007.

34.     Plaintiffs and Class members are or were employees of the Globe between March 1, 2007 and July 7, 2007 and the Globe is an Employer as those terms are used in G.L. ch. 149.

35.     Pursuant to the Massachusetts Wage Payment Act, "The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement."

36.     Pursuant to the collective bargaining agreement between the Globe and the Union (the "Agreement"), the mailroom employees at issue here, known by the parties as Priority Trainees, Globe Retirees and Herald Subs, earn vacation at the rate of one vacation day with pay for each 25 days (or major fraction thereof) worked in a calendar year.

7

37.     Under the Agreement, a shift worked by a Priority Trainee and Herald Sub between March 1, 2007 and July 7, 2007, the Earnings Period, was paid at the rate of $223.48 per shift.

38.     Under the Agreement, a shift worked by a Globe Retiree between March 1, 2007 and July 7, 2007, the Earnings Period, was paid at the rate in effect when the employee retired from the Globe.

39.     Effective "upon signing and ratification of the [amended] contract," July 7, 2007, a Priority Trainee, Globe Retiree and Herald Sub's pay rate for working a shift was reduced to $156.38, a decrease of no less than $67.10 for each shift worked on and after July 7, 2007.

40.     Under the July, 2007 Agreement, Priority Trainees, Globe Retirees and Herald Subs still accrue earned vacation at the same formula rate of 1 day for each 25 days worked, and vacation earned in one calendar year is paid in the following calendar year.  All vacation days earned by Priority Trainees, Globe Retirees or Herald Subs prior to the effective date of the amended Agreement, July 7, 2007, remained due and owing to them at the rate that was in effect when the requisite shifts were worked.

41.     Like wages, the vacation time payable to each Priority Trainee, Globe Retiree and Herald Sub  under the Agreement is compensation for services that vested at the time the employee rendered the services.

42.      During 2008, the Globe failed to pay Priority Trainees and Herald Subs at the rate of $223.48 rate for each vacation day earned for every 25 shifts (or major fraction) worked from March 1, 2007 to July 7, 2007, the pay rate in effect at the time the employees worked those shifts.

43.     During 2008, the Globe failed to pay Globe Retirees their vacation pay earned for working 25 shifts (or major fraction) from March 1, 2007 to July 7, 2007 at the rate in effect at the time the employees worked those shifts.

44.     As a result of the unlawful acts of Defendant, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, treble damages, attorneys' fees, costs and any other damages as set forth under Massachusetts law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against the Defendant as follows:

1.     Determining that this action may proceed and be maintained as a class action;

2.     For the First Cause of Action:

     a.     For general damages according to proof;

     b.     For treble damages according to proof;

     c.     For prejudgment interest from March 25, 2008;

     d.     For costs of the litigation; and

     e.     For attorneys' fees;

3.     All other relief, including injunctive relief, as this Court may deem proper.


Respectfully submitted,


_____
STEPHEN R. DOMESICK
BBO No. 128380
7599 Seashell Crest Ln.
Lake Worth, FL 33467
Tel:  561-439-8515
Fax: 561-963-7589
Email: sdomesick@comcast.net

Counsel for Plaintiffs

9